Charles L. Zeigler was indicted by an Etowah County grand jury on two charges arising out of the same incident, burglary in the third degree and theft in the first degree. Upon trial, he was acquitted of the theft charge and was convicted on the burglary charge, for which he was sentenced to twelve months and placed on probation for two years thereafter. This appeal follows.
At the outset, appellant urges that the trial court erred to reversal in the admission into evidence of appellant's oral inculpatory statement over his objection in violation of his constitutional rights. We agree, and we reverse and remand this cause for a new trial.
In the early morning hours of November 5, 1981, Floyd Donald arrived at his home in *Page 157 
Gadsden to find that it had been burglarized. The front screen door was torn, the front window was broken, and items had been taken from the home. He noticed spots of blood in the home and a trail of blood leading to a motel across the street from his home.
Donald went immediately to a neighbor's home to inquire whether they could offer any information concerning the burglary and to use the telephone to report the incident to the police. As he entered the neighbor's home, Donald saw appellant come from the area between his house and his neighbor's house. Appellant went upon the porch of the neighbor's house as Donald was entering. Upon leaving the neighbor's house, Donald discovered appellant sitting in Donald's truck which was parked in front of the residence. After a brief conversation, appellant ran. Donald observed that appellant was bleeding from a cut on his right hand, and he found blood in the truck where appellant had been sitting. Appellant was arrested about a week later.
Shortly after his arrest, appellant was advised of his constitutional rights by Sergeant Hopper of the Gadsden Police Department, which appellant indicated he understood. On the day following his arrest, appellant informed the police officers that he did not desire to sign a waiver of his rights until he could talk to an attorney. Appellant was then asked by the officers "if he wanted to make any type statement," and he then made an oral inculpatory statement to the officers. Subsequently, on November 11, 1981, appellant advised the police officers that he was refusing to sign the waiver on the advice of his attorney.
The pivotal point in determining the admissibility of appellant's inculpatory oral statement is whether (1) appellant made a voluntary, knowing, and intelligent waiver of his rights to assistance of counsel and to remain silent, or (2) the oral statement comes within an exception to the rule mandated by the U.S. Supreme Court in Miranda v. Arizona, 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The evidence is undisputed that appellant was advised of hisMiranda rights by the police officers, and that he did not sign a written waiver of those rights. The record contains no proof suggesting that appellant made any specific oral waiver of his rights. The fact that appellant made an oral inculpatory statement immediately after effectively invoking his rights is not sufficient, without more, to establish a valid waiver of his rights. See Brewer v. Williams, 431 U.S. 925,97 S.Ct. 2200, 53 L.Ed.2d 240 (1977); Warrick v. State, 409 So.2d 984
(Ala.Cr.App. 1982). The burden of proving an intentional waiver by appellant of his constitutional rights rests on the State.Brewer, supra. That standard has not been met in this case. We therefore conclude that appellant effectively invoked hisMiranda rights and that he did not voluntarily, knowingly, and intelligently waive those rights.
Certain voluntary oral statements are exceptions to theMiranda rules as our Supreme Court held in Ervin v. State,399 So.2d 894 (Ala.Cr.App. 1981), as follows:
 "A spontaneous statement, blurted out by the accused and volunteered to a police officer prior to any questioning, is admissible against him even though he was not given the Miranda warnings. . . . An unsolicited remark, not in response to any interrogation, does not fall within the Miranda
rule."
Appellant's oral statement does not come within either of the enumerated exceptions.
Appellant did not initiate further communication, exchanges, or conversations with the police officers, but responded to further police-initiated custodial interrogation. See Edwardsv. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378
(1981).
Under the factual situation before us, we find that appellant in no way made a waiver after he effectively invoked his right to counsel and, consequently, that the oral inculpatory statement was inadmissible.
The decision on this issue pretermits discussion of the remaining issues raised by appellant.
REVERSED AND REMANDED.
All the Judges concur. *Page 158